KENJI M. PRICE  #10523
United States Attorney
District of Hawaii

KENNETH M. SORENSON
Chief, Criminal Division

MORGAN EARLY #10404
THOMAS J. BRADY #4472
Assistant U.S. Attorneys
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-mail:  Morgan.Early@usdoj.gov
         Tom.Brady@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>   vs.<br><br>ISAIAH MCCOY, also known as<br>ISIAH MCCOY or "ZEUS" (01),<br><br>               Defendant. | ) CR. NO. 18-00016 SOM<br>)<br>) GOVERNMENT'S RESPONSE TO<br>) DEFENDANT ISAIAH MCCOY'S<br>) MOTION TO COMPEL DISCOVERY;<br>) CERTIFICATE OF SERVICE<br>)<br>)<br>)<br>)<br>) |

# GOVERNMENT'S RESPONSE TO DEFENDANT ISAIAH MCCOY'S MOTION TO COMPEL DISCOVERY

The United States of America, by and through its counsel Kenji M. Price, United States Attorney, Morgan Early and Thomas J. Brady, Assistant United States Attorneys, file this Response to Defendant Isaiah McCoy's Motion to Compel Discovery. (Dkt. #72).

## 1. Procedural History

Defendant Isaiah McCoy, (hereinafter "MCCOY" or "Defendant") along with his wife and co-defendant Tawana Roberts, was arrested on January 4, 2018, pursuant to a warrant issued for the Indictment charging him and his wife with one count of Sex Trafficking by Force, Threats, Fraud or Coercion, in violation of 18 U.S.C. §§1591(a) and 2. (Dkt. #1).

On January 9, 2018, the government provided to MCCOY with the following discovery:

> A disc labeled "Isaiah McCoy Videotaped Interview on 1/4/18," which contained the interview of Defendant by Department of Homeland Security Investigations (HSI) on January 4, 2018.

On January 10, 2018, the government provided to MCCOY with the following discovery:

> Bates Number 01-03: Honolulu Police Department (HPD) Incident Report for Adult Female (AF) 2;
>
> Bates Number 04-06: HPD Statement Form of AF 2 dated 8/18/17;

Bates Number 07-09: HPD Incident Report from AF3;

Bates Number 10-27: HPD Follow-up Report;

Bates Number 28-32: HSI Report of Investigation (ROI) 52;

Bates Number 33-34: Two Video clips.

On January 12, 2018, the government provided to MCCOY with the following discovery:

Bates Number 01-22: HSI ROI 54;

Bates Number 23-26: HSI ROI 56;

Bates Number 27-30: HSI ROI 57;

Bates Number 31: Videotaped interview of Isaiah McCoy on 1/4/18;

Bates Number 59-64: HSI ROI 59;

Bates Number 69-231: HSI ROI 65;

Bates Series McCoy:

Bates Number 01-2: Isaiah McCoy CJIS dated 10/4/17;

Bates Number 03-26: Isaiah McCoy NCIC Records dated 9/22/17.

On January 12, 2018, the government provided to co-defendant Tawana Roberts with the following discovery:

Bates Number 31: Videotaped interview of Isaiah McCoy;

Bates Number 32-57: HSI ROI 58

Bates Number 58: Videotaped interview of Tawana Roberts on 1/4/18;

Bates Number 65-68: HSI ROI 64;

Bates Series Miscellaneous:

Bates Number 01-03: HPD Incident Report;

Bates Number 04-06: HPD Statement Form;

Bates Number 07-09: HPD Incident Report;

Bates Number 10-27: HPD Follow-up Report;

Bates Number 28-32: HSI ROI 52;

Bates Number 33-34: Two video clips from social media;

Bates Series Roberts:

Bates Number 01: Tawana Roberts NCIC Records dated 10/18/17;

Bates Number 2-19: Army CID Law Enforcement Report Final;

Bates Number 20-24: Dover Police Department Report;

Bates Number 25: Receipt for pretrial prisoner dated 11/21/17;

Bates Number 26-29: Evidence/Property Custody Document;

Bates Number 30: Field test analysis report;

Bates Number 31-32: Receipt for pretrial prisoner dated 12/23/17.

On February 8, 2018, the government provided to MCCOY and co-defendant Roberts with the following discovery:

Bates Number 232-259: HSI ROI 48;

Bates Number 260-277: HSI ROI 49;

Bates Number 278-308: HPD Report 17-488939;

Bates Number 309-315: Isaiah McCoy's "Plenty of Fish" communication 12/18-22/17;

Bates Number 316-324: Isaiah McCoy's text message communication via telephone number 305-930-1930;

Bates Number 325-338: White Sands Subpoena;

Bates Number 339: Video of traffic stop by NSA Police documented by McCoy on Facebook Live;

Bates Number 340-343: Utah Driver's License and Credit Cards of Maria Fischer;

Bates Number 344: Video of trip to Ross Department Store documented by Roberts on Facebook Live;

Bates Number 345: Hawaii Driver's License Information for Elizabeth White;

Bates Number 346-347: Backpage.com for prostitution advertisement;

Bates Number 348-364: Subpoena to Backpage.com;

Bates Number 365-366: Surveillance photographs;

Bates Number 367: Newspaper article;

Bates Number 368-378: Text message conversation;

Bates Number 379-384: Photographic "six-pack" lineup;

Bates Number 385-398: Text message conversation;

Bates Number 399-400: CJIS for Marcus L. Myrick dated 12/20/17;

Bates Number 401-402: CJIS for Naima Hudson dated 12/31/17;

Bates Number 416-424: HSI ROI 50;

Bates Number 425: White Sands Hotel Surveillance videos;

Bates Number 426-427: HSI ROI 53;

Bates Number 428-429: HSI ROI 55;

Bates Number 430-432: HSI ROI 60;

Bates Number 433-438: HSI ROI 61;

Bates Number 439-645: HSI ROI 63.

Contrary to MCCOY's one-page Motion to Compel Discovery, his assertion that his request for discovery went unanswered by the government is unfounded. To be sure, the above-described discovery included reports, videos, and multiple electronic stored information (ESI) from social media accounts.

On February 1, 2018, a First Superseding Indictment was returned, charging MCCOY with an additional six (6) counts of Sex Trafficking by Force, Threats, Fraud or Coercion, involving six (6) new victims, all in violation of 18 U.S.C. §§ 1591(a) and 2. (Dkt. #46). These additional witnesses resulted in an

exponential amount of additional electronic stored information (ESI), including but not limited to social media accounts, videos and audio interviews.[1]

On February 5, 2018, the government's Motion for Protective Order was heard and taken under advisement, by this Court.[2]  (Dkt. #46).  Accordingly, on February 7, 2018, this Court issued a Protective Order finding it "appropriate in this case to prevent the harmful disclosure of identities, locations, statements containing personal identifiable information, and photographs of the alleged victims and witnesses in this case (collectively referred to as "protected material"), while still preserving the defendants' rights to a fair trial and meaningful discovery."  (Dkt. #59).

On February 27, 2018, MCCOY filed a Motion to Compel Discovery.  The government is well aware of its discovery obligations and is working diligently to meet its discovery obligations, while at the same time protecting and preventing

---

[1] In the government's Motion to Declare Case Complex, the government cited that the "amount of discovery in this case is voluminous, including approximately 20,000 pages of documents, 15 gigabytes of data, hours upon hours of video and audio interviews."  (Dkt. #68).

[2] During that hearing, the parties and the Court recognized that redacting personal identifiable information (PII) from related reports as part of the discovery process was an appropriate "first step" in preventing any harmful disclosures of PII.

the harmful disclosure of identities, locations and statements containing personal identifiable information of the victims.

2. **Facts**

The government incorporates by reference the underlying facts and circumstances of this case as outlined in its Memorandum in Support of Motion to Detain Isaiah McCoy, filed on January 9, 2018 (Dkt. #15) and First Superseding Indictment, filed on February 1, 2018. (Dkt. #46).

3. **Argument**

The government respectfully disagrees with MCCOY's assertion that his request for discovery has gone unanswered by the government. Clearly, the government has provided voluminous discovery to date and will continue to provide discovery in this matter.

The Fifth and Fourteenth Amendments require the government to disclose specific types of evidence to defendants. However, "[t]here is no general constitutional right to discovery in a criminal case[:]. . . 'the Due Process Clause has little to say regarding the amount of discovery which the parties must be afforded.'" *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) (quoting *Wardius v. Or.*, 412 U.S. 470, 474 (1973)). Nevertheless, the government is mindful of the local rules regarding discovery and remains committed to meet its discovery

obligations. Unfortunately, MCCOY's own doing is impeding a speedier resolution of the discovery process, as set forth below.

This Court's Protective Order recognizes the need to prevent the harmful disclosure of identities, locations, statements containing personal identifiable information, and photographs of the alleged victims and witnesses in this case. As the government has asserted in its Response to Defendant Isaiah McCoy's Motion for Reconsideration of Current Protective Order (Dkt. #83), MCCOY acknowledged his reputation for violence (Dkt. #23; p. 5) and willingness to contact (and intimidate) witnesses (Dkt. #23; p. 5). These concerns are real as the government has recently uncovered evidence that MCCOY has violated the current protective order by sharing his discovery with another inmate at the Federal Detention Center. *See* Dkt. #83; attached Declaration.

The government may seek to amend the Protective Order to address MCCOY's latest violation of the Protective Order, but recognizes that this Court also has the inherent authority to manage the criminal discovery process outside the rules, if necessary. *See United States v. Jackson*, 508 F.2d 1001, (7th Cir. 1975); *United States v. Mitchell*, 778 F.2d 1271 (7th Cir. 1985); *United States v. W.R. Grace*, 526 F.3d 499, 508-12 (9th Cir. 2008) (*en banc*); *United States v. Fletcher*, 74 F.3d 49, 54 (4th Cir. 1996); *United States v. Kloepper*, 725 F.Supp. 638, 640 (D.Mass.1989); *United States v. Beckford*, 962 F.Supp. 748 (E.D.Va.

1997) ("numerous courts, including the Fourth Circuit, have recognized that the discovery provisions in Rules 12.2 and 16(b) are not exclusive and do not supplant a district court's inherent authority to order discovery outside the rules.").

DATED: March 2, 2018, Honolulu, Hawaii.

                                        Respectfully Submitted,

                                        KENJI M. PRICE
                                        United States Attorney
                                        District of Hawaii

                                        By /s/ Thomas J. Brady
                                            MORGAN L. EARLY
                                            THOMAS J. BRADY
                                            Assistant U.S. Attorney

                                            Attorneys for Plaintiff
                                            UNITED STATES OF AMERICA