IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 18-00016 SOM |
|---|---|---|
| Plaintiff, | ) | |
| | ) | ORDER DENYING MOTION TO |
| vs. | ) | DISMISS FIRST SUPERSEDING |
| | ) | INDICTMENT |
| ISAIAH McCOY, aka "Isiah McCoy" and "Zeus;" and TAWANA ROBERTS | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION TO DISMISS FIRST SUPERSEDING INDICTMENT**

**I.      INTRODUCTION.**

Defendant Isaiah McCoy moves to dismiss the First Superseding Indictment, asserting selective prosecution, vindictive prosecution, and the interests of justice. McCoy, however, fails to articulate sufficient facts supporting these assertions, instead saying he is "willing to outline [his] reasons" in an ex parte communication. That is not how the justice system works. McCoy is not entitled to dismissal of the indictment based on a secret, one-sided communication. Nor is McCoy entitled to present witnesses at a hearing without giving at least some indication of the basis of his motion. Under these circumstances, the court denies McCoy's motion without holding an evidentiary hearing.

## II. BACKGROUND FACTS.

McCoy and Tawana Roberts are charged in the First Superseding Indictment with sex trafficking by force, threats, fraud, or coercion, in violation of 18 U.S.C. § 1591(a)(1) and (b)(1) and 18 U.S.C. § 2. *See* ECF No. 46.

On February 27, 2018, McCoy moved for dismissal of the First Superseding Indictment.[1] That motion states in its entirety:

> Comes now defendant Isaiah W. McCoy pro [se] and respectfully moves this court to dismiss the current charges against Defendants Isaiah W. McCoy (1) and Tawana L. Roberts due to vindictive and selective prosecution and also in the interest of justice. In support defend[ant] will offer overwhelming evidence at the hearing on this matter. Defend[ant] will require several prose[c]utors and law enforcement [officers] to testify.

ECF No. 75, PageID # 266.

On February 28, 2018, this court informed McCoy that it "requires a fuller statement from Mr. McCoy about the bases for his motion. No later than March 9, 2018, he must file a written explanation for his claim that he is being selectively and vindictively prosecuted. It is not sufficient for him to simply make that claim without any supporting explanation as to the basis for that claim." ECF No. 76.

---

[1] McCoy lacks standing to raise Robert's rights in this motion. *See United States v. Mitchell*, 915 F.2d 521, 526 n.8 (9th Cir. 1990).

On March 6, 2018, McCoy responded, but did not provide a "fuller statement . . . about the bases for his motion." Instead, McCoy merely stated, "I am willing to fully outline my reasons, evidence, etc. for my motion to dismiss in a[n] ex parte hearing for ta[c]tical and strategic reasons." ECF No. 90, PageID # 399. McCoy stated that the decision to prosecute him and Roberts was "based on unjustifiable classifications" and averred that similarly situated individuals were not prosecuted. *Id.* McCoy describes himself as the 147th person with a death sentence to have been exonerated, implying that the current charges were brought by vindictive prosecutors unhappy that, in a different case, he escaped the death penalty. *Id.*, PageID # 310. In his motion for pretrial release, McCoy noted that the Delaware Supreme Court had overturned his 2015 murder conviction and the resulting death sentence based on prosecutorial misconduct and a violation of *Batson v. Kentucky*, 476 U.S. 1 (1986).

**III. ANALYSIS.**

    **A. The Court Denies the Motion Without Holding an Evidentiary Hearing.**

Although this court held a hearing on the present motion, it did not conduct an evidentiary hearing, as McCoy did not in his moving papers present enough detail to warrant an evidentiary hearing. *See United States v. Jordan*, 635 F.3d 1181, 1188 (11th Cir. 2011) ("to obtain an evidentiary hearing on a

selective prosecution claim, the defendant must present facts sufficient to create a reasonable doubt about the constitutionality of a prosecution." (quotation marks and citation omitted)); *United States v. Irwin*, 612 F.2d 1182, 1187 (9th Cir. 1980) (evidentiary hearing required with respect to prosecutorial misconduct claim when a material issue of fact is raised which, if resolved in a defendant's favor, would entitle the defendant to relief). Even if this court assumes for purposes of addressing McCoy's motion to dismiss that all facts specifically alleged in the motion and accompanying papers are true, the court concludes that he is not entitled to the relief he seeks.

A moving party's allegations must be sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented." *United States v. Packwood*, 848 F.2d 1009, 1010 (9th Cir. 1988) (quotation marks and citation omitted). McCoy's motion depends on conclusory assertions, which are insufficient to require a hearing. *See id.* ("General or conclusory factual allegations are not enough to require a hearing, but where sworn statements and exhibits present directly contradictory accounts of events, a hearing is required." (quotation marks and citation omitted)). If this court need not hold a hearing when faced with only conclusory assertions, it follows that this court need not treat

4

those conclusory assertions as necessarily true. McCoy's conclusions do not put the Government on notice of what Government actions McCoy is relying on or what evidence may be relevant to the motion. McCoy's willingness to tell the court what the bases of his motion are only in an ex parte hearing highlights the deficiency of the motion.

McCoy says he has refrained from telling the court or the Government the bases of his motion before the hearing for "ta[c]tical and strategic" reasons. However, in a motion to dismiss an indictment, a defendant may not hide the real reason behind the motion and then spring it on the Government in a way that prevents the Government from meaningfully responding. If the Government brings in certain witnesses to testify before the court on a vague motion to dismiss, but the witnesses' personal knowledge goes to issues different from those a defendant seeks to raise, the Government may be unfairly deprived of an opportunity to present other witnesses with personal knowledge about the matter in issue. Fundamental fairness requires that a movant inform the opposing party and this court of the factual and legal reasons underlying the motion. McCoy's motion to dismiss did not so inform the Government and this court. The court therefore denies the motion.

The court notes that, at the hearing on the motion, McCoy indicated that he did not have facts that could have been

alleged at the time he filed his motion because the Government had not yet provided him with discovery. The Government asserts that its most recent discovery production was on April 2, 2018. At this point, this court continues to lack evidentiary support for the motion.

At the hearing on this motion, McCoy argued that evidence of vindictiveness included the timing of the indictment, which was filed seven days after he had publicly advocated on behalf of an individual who was charged in Hawaii state court with murder. Not only was that known to McCoy independent of any discovery, that chronology, by itself, is insufficient to warrant dismissal. Nothing other than timing ties McCoy's advocacy to the indictment in this case. Simply put, McCoy has provided this court with no basis for dismissal.

To ensure that the court's reasoning is clear, the court takes the time in this order to point out specific insufficiencies with respect to each of McCoy's assertion.

**B. Selective Prosecution.**

McCoy's asserts that he is being selectively prosecuted.

Prosecutors have broad discretion to enforce laws. *See United States v. Armstrong*, 517 U.S. 456, 464 (1996). However, this broad discretion is not unfettered. Instead, it is subject to constitutional constraints, including the equal protection

6

component of the Due Process Clause.  *Id.*  For that reason, a prosecutor's decision to prosecute may not be based on race, religion, or other arbitrary classification.  *Id.*  McCoy insinuates that the prosecutors in this case have exceeded their broad discretion by selectively prosecuting him "when other similarly situated" individuals were not prosecuted.

To be successful, a defendant alleging selective prosecution "must demonstrate that (1) other similarly situated individuals have not been prosecuted and (2) his prosecution was based on an impermissible motive."  *United States v. Sutcliffe*, 505 F.3d 944, 954 (9th Cir. 2007); *United States v. Bourgeois*, 964 F.2d 935, 938 (9th Cir. 1992).  This is a "particularly demanding" standard that requires "clear evidence" to overcome the presumption that a prosecutor acted lawfully.  *Sutcliffe*, 505 F.3d at 954.  McCoy fails to meet this standard by simply saying that he has undisclosed evidence that "others similarly situated were not prosecuted."  This failure leaves the court and the Government to guess at what evidence his claim might be premised on.  As discussed above, fundamental fairness requires a defendant to identify the basis or bases of a motion to dismiss.  McCoy's failure to identify even one other similarly situated individual who was not prosecuted is fatal to his selective prosecution claim.  Without such an identification, the court

7

cannot begin to examine whether McCoy's prosecution is based on an impermissible motive.

### C. Prosecutorial Vindictiveness.

McCoy's claim of prosecutorial vindictiveness is equally unpersuasive.

A prosecutor violates due process when he or she seeks to punish a defendant for having exercised a constitutional or statutory right. *See Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978) ("To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort and for an agent of the State to pursue a course of action whose objective is to penalize a person's reliance on his legal rights is patently unconstitutional." (quotation marks and citation omitted)); *United States v. Gamez-Orduno*, 235 F.3d 453, 462 (9th Cir. 2000) ("A prosecutor violates due process when he seeks additional charges solely to punish a defendant for exercising a constitutional or statutory right.").

McCoy "may establish prosecutorial vindictiveness by producing direct evidence of the prosecutor's punitive motivation towards [him]." *United States v. Jenkins*, 504 F.3d 694, 699 (9th Cir. 2007). McCoy's motion is devoid of any facts constituting direct evidence of any punitive motive on the part of the prosecution.

McCoy is alternatively entitled to a presumption of vindictiveness if he shows that the current charges were filed because he exercised a statutory, procedural, or constitutional right in circumstances giving rise to the appearance of vindictiveness. *Id.* If McCoy establishes a reasonable likelihood of vindictiveness, the burden shifts to the Government to present objective evidence justifying its action. *See United States v. Brown*, 875 F.3d 1235, 1240 (9th Cir. 2017). McCoy's bald claim of vindictiveness raises no presumption. At best, McCoy indicates that he was exonerated in a death penalty case. Other pleadings before this court establish that the Delaware Supreme Court overturned his 2015 murder conviction. But there is nothing linking the overturning of the state-court murder conviction to the prosecution in this federal case thousands of miles away from Delaware. It is hard to see even a possible appearance of vindictiveness. *See United States v. Ballester*, 763 F.2d 368, 370 (9th Cir. 1985) ("The role of a separate sovereign in bringing the increased charges minimizes the likelihood of prosecutorial abuse."); *United States v. Gallegos-Curiel*, 681 F.2d 1164, 1168 (9th Cir. 1982) ("vindictiveness cannot be inferred simply because the prosecutor's actions followed the exercise of a right"); *United States v. Robison*, 644 F.2d 1270, 1272 (9th Cir. 1981) ("Though we do not now hold that a second prosecution can never be

9

vindictive when it follows a successful defense in a foreign jurisdiction, we do hold that the involvement of separate sovereigns tends to negate a vindictive prosecution claim.").

Nothing in the record suggests, for example, that investigators or prosecutors in the present case knew about McCoy's exoneration before beginning their investigation. That they may have learned of it during the investigation cannot, without more, render the resulting prosecution vindictive. Otherwise, no defendant who is acquitted or otherwise exonerated could ever be investigated or prosecuted for a subsequent crime.

For the same reason, the court is unpersuaded by McCoy's reliance on the date he was indicted, which was shortly after he had advocated on behalf of a state-court defendant charged with murder. McCoy's advocacy concerned a matter before a separate sovereign, and nothing in the record ties the Government's actions in this case with matters before the state court.

McCoy fails to demonstrate prosecutorial vindictiveness in the present motion. Neither the overturning of his state-court murder conviction nor his advocacy on behalf of a state-court defendant gives McCoy a "free pass" with respect to other alleged crimes. The Due Process Clause prevents prosecutors from retaliating against McCoy. But while McCoy may not be

vindictively prosecuted, he must make some showing of vindictiveness before he may proceed with his assertion.

**D. Interests of Justice.**

In seeking dismissal of the First Superseding Indictment in the interests of justice, McCoy again fails to explain the grounds of his argument. He says only, "There is injustice taking place in the criminal justice system in the district of Hawaii." ECF No. 90, PageID # 400. Without explaining the basis of this claim, McCoy cannot obtain a dismissal in the interest of justice.

**IV. CONCLUSION.**

The court denies McCoy's motion to dismiss the First Superseding Indictment. Because the motions deadline has passed, the court declines to grant McCoy leave to file another motion. However, if McCoy has facts that he believes demonstrate that dismissal of the First Superseding Indictment is appropriate based on selective prosecution, vindictive prosecution, or the interest of justice, McCoy may seek permission to file another motion no later than May 30, 2018. Any motion seeking permission to file another motion based on selective prosecution, vindictive prosecution, or the interest of justice must clearly articulate the specific factual basis or bases for the motion that McCoy proposes to file. The deadline for a motion seeking leave to file a new motion to dismiss is May 31, 2018. To be clear, McCoy

11

may not simply file a new motion to dismiss; he must obtain leave of court to do that (that is, he must file and have the court grant a motion seeking motion seeking permission to file a new motion to dismiss).  If the court allows McCoy to file a new motion, the current trial date may be continued.

        IT IS SO ORDERED

        DATED: Honolulu, Hawaii, May 15, 2018.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*United States of America v. McCoy, et al.*, Crim. No. 18-00016 SOM; ORDER DENYING MOTION TO DISMISS FIRST SUPERSEDING INDICTMENT